**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**THE SHERMAN DIVISION**

| | | |
|---|---|---|
| **KBF SECURITY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **AOF SERVICES, LLC,** | ) | |
| **AMIT SHARMA, an individual, and** | ) | |
| **LEN RAO, an individual,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, KBF SECURITY, INC. ("**Plaintiff**"), complains of Defendants AOF SERVICES, LLC ("**AOF Services**"), AMIT SHARMA ("**Sharma**"), and LEN RAO ("**Rao**") (unless otherwise noted, collectively referred to herein as "**Defendants**"), as follows:

### PARTIES

1.      Plaintiff is an Alabama corporation with its principal place of business in Jefferson County, Alabama, and is subrogated to the rights of SPOC Automation, Inc. ("**SPOC Automation**") against Defendants by virtue of its payment of a claim to SPOC Automation under its general liability insurance policy with SPOC Leasing, Inc. with SPOC Automation as an additional insured.

2.      Upon information and belief, AOF Services is a Texas limited liability company with its principal place of business in Texas.

3.      Upon information and belief, Amit Sharma is a resident of the State of Texas, residing in Plano, Denton County, Texas.

4.      Upon information and belief, Len Rao is a resident of the State of Texas, residing in Dallas, Dallas County, Texas.

## JURISDICTION

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00.

6.      This Court has personal jurisdiction over Defendants because they reside in Texas, have their principal places of business in Texas, and/or have sufficient minimum contacts in Texas to reasonably anticipate being sued in this Court.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

8.      On August 27, 2013, SPOC Automation and AOF Services entered into a credit agreement ("**Credit Agreement**") under which SPOC Automation agreed to extend credit to AOF services for equipment and other merchandise purchases.   The Credit Agreement is attached hereto as Exhibit "A."

9.      Under the Credit Agreement, any purchases by AOF Services are "due in full within thirty (30) days of the purchase."  *See* Ex. A.  If any purchases are not paid in full within 30 days, SPOC Automation is entitled to 18% interest per annum.  *Id.*  Furthermore, if AOF Services' non-payment or delayed payment causes SPOC Automation to pursue collection action, SPOC Automation is entitled to "thirty three and one third (33 1/3%) percent of the total amount of principal, interest and/or service charges due as attorney fees in addition to all other costs."  *Id.*

10.     As a material inducement for SPOC Automation to supply equipment and related items to AOF Services, Sharma and Rao executed a Guaranty Agreement on August 27, 2013 in favor of SPOC Automation, guaranteeing the prompt payment and performance of AOF Services to SPOC Automation (the "**Guaranty**") (unless otherwise noted, the Credit Agreement and Guaranty are referred to collectively as the "**Indebtedness Instruments**").  *See id.*

11.     Pursuant to the Credit Agreement, between December 17, 2014 to August 4, 2015, SPOC Automation agreed to supply AOF Services from time to time with equipment and other merchandise for use in its oil field services.  The agreement of SPOC Automation to supply such equipment and other merchandise is evidenced in part by the invoices sent by SPOC Automation to AOF Services (the "**Invoices**"), attached hereto as Exhibit "B."  Each of the Invoices reiterates the 30-day payment due date between SPOC Automation and AOF Services: "A late payment penalty will be charged on the balance remaining unpaid 30 days after the date of invoice associated with the shipment of the above listed equipment and/or services on this invoice. Claims for pricing errors, shortages, and defective products must be reported within 30 days of invoice date." *Id.*

12.     SPOC Automation and AOF Services are both merchants with respect to the goods subject to the Invoices and Indebtedness Instruments.

13.     SPOC Automation sent the Invoices to AOF Services within a reasonable time of providing the equipment and other merchandise, and AOF Services did not object to their contents within 10 days after they were received.

14.     Each of the Defendants has defaulted in their monetary obligations to SPOC Automation under the Invoices and Indebtedness Instruments.

15.     Defendants have failed and/or refused to pay SPOC Automation amounts owing pursuant to the Invoices and Indebtedness Instruments.

16.     Pursuant to the terms of the agreements between SPOC Automation and Defendants, SPOC Automation is entitled to recover its attorneys' fees and expenses incurred in enforcing the obligations of Defendants under the Indebtedness Instruments.

17.     AOF Services is indebted to SPOC Automation in the amount of $271,051.74, exclusive of accrued interest since demand and costs of collection.

18.     Sharma is indebted to SPOC Automation in the amount of $250,000.00, exclusive of accrued interest since demand and costs of collection.

19.     Rao is indebted to SPOC Automation in the amount of $250,000.00, exclusive of accrued interest since demand and costs of collection.

20.     Plaintiff is the insurer under a general liability insurance policy with SPOC Leasing, Inc. with SPOC Automation, Inc. as an additional insured.

21.     On or about December 9, 2015, Plaintiff made payment to SPOC Automation for its damages by Defendants, and became subrogated to the rights of Defendants as a result.

## COUNT 1
## BREACH OF CONTRACT

22.     Plaintiff re-alleges and reincorporates all preceding paragraphs of this Complaint as if set forth fully herein.

23.     SPOC Automation and Defendants entered into valid and enforceable contracts for SPOC Automation's provision of goods to AOF Services, supported by valuable consideration.

24.     SPOC Automation has performed its obligations under the Indebtedness Instruments by providing and shipping the goods to AOF Services.

25.     Defendants are in default of their obligations under the terms of the Indebtedness Instruments for their failure to pay amounts due to SPOC Automation under the Invoices.  As such, Defendants have materially breached the terms of the Indebtedness Instruments.

26.     Due to Defendants' non-payment of amounts owing under the Invoices and Indebtedness Instruments, Plaintiff has sustained damages.   Defendants owe Plaintiff the following amounts, exclusive of attorneys' fees and expenses:

AOF Services - $271,051.74;

Sharma - $250,000.00; and

Rao - $250,000.00.

**WHEREFORE**, Plaintiff requests a judgment against Defendants for breach of contract damages in the amounts listed above, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.

## COUNT 2
## ACCOUNT STATED

27.     Plaintiff re-alleges and reincorporates all preceding paragraphs of this Complaint as if set forth fully herein.

28.     SPOC Automation engaged in transactions with Defendants in which SPOC Automation sold and delivered to AOF Services, at Defendants' request, certain goods.

29.     SPOC Automation presented to Defendants the attached Invoices which, upon information and belief, Defendants received, accepted, and acknowledged to SPOC Automation the correctness of the account, and agreed with SPOC Automation to pay SPOC Automation the several sums of money as set forth and itemized in the Invoices.

30.     Defendants promised to pay the Invoices pursuant to the Indebtedness

Instruments.

31.     Despite this promise and Defendants' indebtedness to SPOC Automation pursuant to the Indebtedness Instruments, Defendants have failed or refused to pay SPOC Automation the amounts due under the Invoices.

32.     The sum of $271,051.74, together with interest at the rate of 18% percent per annum and 33 1/3% attorneys' fees, plus costs, remains due and owing from Defendants to Plaintiff.

**WHEREFORE**, Plaintiff requests a judgment against Defendants for the principal indebtedness outstanding, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.


Dated: September 19, 2016

Respectfully submitted,

MALONE AKERLY MARTIN PLLC

By:     /s/ Bruce W. Akerly
        Bruce W. Akerly
        Texas Bar No. 00953200

8750 N. Central Expressway, Suite 1850
Dallas, Texas 75231
(214) 346-2636 Telephone
(214) 346-2631 Facsimile
bakerly@mamlaw.com

ATTORNEYS FOR PLAINTIFF
KBF SECURITY, INC.